**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AF-SOUTHEAST, LLC,[1] | : Case No. 16-_____ (_____) |
| | : |
|         Debtor. | : |
| | : |
| In re: | : Chapter 11 |
| | : |
| ALLIED FIBER - FLORIDA, LLC, | : Case No. 16-_____ (_____) |
| | : |
|         Debtor. | : |
| | : |
| In re: | : Chapter 11 |
| | : |
| ALLIED FIBER - GEORGIA, LLC, | : Case No. 16-_____ (_____) |
| | : |
|         Debtor. | : **Hearing Date:  TBD** |
| | : **Obj. Deadline:  TBD** |

**MOTION OF THE DEBTORS FOR AN ORDER**
**UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

      AF-Southeast, LLC, *et al.* (the "Debtors"), the Debtors and debtors-in-possession in the above captioned cases, hereby move this Court for entry of an order directing the joint administration of the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Motion").  In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION**

      1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1]  The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested in this Motion are Fed. R. Bankr. P. 1015(b) and Del. Bankr. L.R. 1015-1.

## BACKGROUND

4.      On April 20, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").  The Debtors continue to operate and manage their businesses as debtors-in-possession in accordance with Section 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.

5.      The factual background relating to the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Scott L. Drake in Support of First-Day Motions* (the "Drake Declaration"), which is fully incorporated herein by reference.

6.      As more fully set forth in the Drake Declaration, each of the Debtors are limited liability companies organized in the State of Delaware.  AF-Southeast, LLC is 100% owned by its parent, Allied Fiber, LLC ("Allied Fiber"), a non-debtor affiliate of the Debtors.  AF-Southeast, LLC is the sole member and 100% owner of Allied Fiber – Florida, LLC and Allied Fiber – Georgia, LLC, each of which are Debtors in these proceedings.  As such, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code.

7.      The Debtors are engaged in the business of designing, constructing and operating an open access, physical layer, network-neutral colocation and dark fiber network.  The Debtors' dark fiber network provides long-haul, multi-access points, and short-haul dark fiber network systems, coupled with its owned colocation facilities to provide control of the underlying

physical assets to all network operators who subscribe to the Debtors services.  The network is designed to link critical access points (international subsea cables) in the United States while also providing intermediate access points along the route for inclusion of local networks into the Debtors' network.  The combination of long-haul service with the capability to distribute traffic locally are intended to yield high customer demand and volume.

8.      The Debtors commenced these chapter 11 cases for the sole purpose of marketing valuable assets, while preparing for a going-concern sale that will maximize value to all of the Debtors' shareholders.

**RELIEF REQUESTED**

9.      By this Motion, the Debtors seek, pursuant to Fed. R. Bankr. P. 1015(b) and Del. L.B.R. 1015-1, the joint administration of their chapter 11 cases for procedural purposes only. The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AF-SOUTHEAST, LLC, *et al.*,[1] | : Case No. 16-_____ (_____) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).

10.      In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only.  The docket in Case No. 16-_____ (___) should be consulted for all matters affecting this case.  The following

chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

11.     Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

## BASIS FOR RELIEF

12.     Fed. R. Bankr. P. 1015(b) provides, in relevant part:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

13.     The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the relief requested herein.

14.     In addition, Del. L.B.R. 1015-1 provides in pertinent part as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. 1015, supported by an affidavit, declaration or verification, which establishes that joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

15.     Allied Fiber – Florida, LLC and Allied Fiber – Georgia, LLC are under common ownership and management insofar as AF-Southeast, LLC is the sole member and owner of Allied Fiber – Florida, LLC and Allied Fiber – Georgia, LLC.  As such, the Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the joint administration of these Chapter 11 cases is appropriate under Fed. R. Bankr. P. 1015 and Del. Bankr. L.R. 1015-1.

16.     Joint administration of the Debtors' chapter 11 cases will expedite the administration of these cases and reduce administrative expenses without prejudicing any creditor's substantive rights.  For example, joint administration will permit the Clerk of the Court

to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect many or all of the Debtors.   Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases.  Joint administration also will enable parties in interest in each of the above-captioned chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

17.     Because these cases involve multiple Debtors with numerous potential creditors, the entry of an order of joint administration will: (i) significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court; (ii) simplify for the Office of the United States Trustee the supervision of the administrative aspects of these chapter 11 cases; (iii) render the completion of various administrative tasks less costly; and (iv) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases. Additionally, because this is <u>not</u> a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced by the proposed joint administration of these cases as each creditor may still file its claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

18.     Accordingly, the Debtors submit that joint administration of the above-captioned cases is in their best interests, as well as those of their respective estates, creditors and other parties in interest.

19.     In addition, the Debtors requests that the official caption to be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 9 of this

Motion. The Debtors submit that the use of this caption, without specific reference to every debtor, their states of incorporation or their identification numbers, will eliminate cumbersome and confusing procedures and ensure uniformity of pleadings.

20.     Finally, the Debtors request that a docket entry reflecting the joint administration, in the form set forth in paragraph 10 of this Motion be made in each of the Debtors' cases.

### NOTICE

21.     This Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtors' prepetition and postpetition lenders (if known); (iii) the Debtors' prepetition and postpetition lenders; (iv) any party requesting notice pursuant to Bankruptcy Rule 2002; and (v) all creditors. The Debtors submit that no other or further notice need be provided.

**[Remainder of page left intentionally blank]**

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) directing the joint administration of these cases; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/  L. John Bird*
        L. John Bird
        Delaware Bar No. 5310
        919 North Market Street, Suite 300
        Wilmington, DE  19801-2323
        Phone (302) 654-7444/Fax (302) 656-8920
        lbird@foxrothschild.com
            -and-
        Michael G. Menkowitz
        Paul J. Labov
        Jason C. Manfrey
        2000 Market Street, 20th  Floor
        Philadelphia, PA  19103-3222
        Phone (215) 299-2000/Fax (215) 299-2150
        mmenkowitz@foxrothschild.com
        plabov@foxrothschild.com
        jmanfrey@foxrothschild.com

Dated: April 20, 2016        Proposed counsel for AF-Southeast, LLC, *et al.*, the Debtors and Debtors-in-Possession