## EXHIBIT B

**ASSET PURCHASE AGREEMENT**

(to be filed prior to hearing on Bidding Procedures)

## EXHIBIT C

**NOTICE OF BID DEADLINE, AUCTION, AND SALE HEARING**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AF-SOUTHEAST, LLC, *et al.,* [1] | : | Case No. 16-11008 (KG) |
| | : | (Jointly Administered) |
| | : | |
| | : | **AUCTION: _____, 2016 @ 10:00 a.m. ET** |
| | : | **@ Fox Rothschild LLP, 2000 Market Street,** |
| | : | **20th Floor, Philadelphia, PA 19103** |
| | : | |
| | : | **SALE HEARING** |
| Debtors. | : | **Hearing Date: _____, 2016 @ __.m. ET** |
| | : | **Obj. Date: _____, 2016 @ __.m. ET** |

## NOTICE OF BID DEADLINE, AUCTION AND SALE HEARING FOR THE APPROVAL OF THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS

PLEASE TAKE NOTICE THAT on _____, 2016 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving certain bidding and auction procedures (the "Bidding Procedures") and related schedules and deadlines for the sale by AF-Southeast, LLC, *et al.* (collectively, the "Debtors"), the Debtors and debtors-in-possession in the above captioned cases ("Cases"), of substantially all of the assets and personal property (the "Purchased Assets") of the Debtors.

PLEASE TAKE FURTHER NOTICE THAT all interested parties are invited to seek to become a Qualified Bidder and submit a Qualified Bid to purchase the Purchased Assets in accordance with the terms of the Bidding Procedures Order and the Bidding Procedures. Only Qualified Bidders who have submitted Qualified Bids shall be eligible to participate in the Auction. *All interested potential bidders should carefully read the Bidding Procedures, a copy of which is attached hereto as Exhibit A. All interested potential bidders should contact*

*counsel for the Debtors for a copy of the proposed Purchase Agreement referenced in the Bidding Procedures.*[2]

PLEASE TAKE FURTHER NOTICE THAT the following dates and times shall apply with respect to the Bidding Procedures:

| | |
|---|---|
| **General Bid Deadline:** | July 7, 2016 at 5 p.m. (prevailing ET) |
| **Auction:** | July 12, 2016 at 10 a.m. (prevailing ET) |
| **Sale Hearing:** | July 14, 2016 at ___m. (prevailing ET) |
| **Sale Closing:** | on or before July 18, 2016 |

PLEASE TAKE FURTHER NOTICE THAT PURSUANT TO 11 U.S.C. §§ 363(b) AND (f), THE PROPOSED SALE IS FREE AND CLEAR OF LIABILITIES (OTHER THAN ASSUMED LIABILITIES AND PERMITTED ENCUMBRANCES) OF OTHERS, AND ALL SUCH LIABILITIES SHALL ATTACH TO THE PROCEEDS OF THE SALE WITH THE SAME VALIDITY AND PRIORITY THAT EXISTED IMMEDIATELY PRIOR TO THE SALE.

PLEASE TAKE FURTHER NOTICE THAT the Bankruptcy Court shall hold a sale hearing (the "Sale Hearing") **on _____, 2016 at ___.m. (Eastern Time),** or such other date and time as may be convenient to the Bankruptcy Court, or as may be announced at the Sale Hearing without further notice. At the Sale Hearing, the Debtors intend to request that the Bankruptcy Court enter an order approving, among other things, the Prevailing Bid for the Purchased Assets, and under that order the Debtors will transfer the Purchased Assets to the Prevailing Bidder free and clear of Liabilities (other than Liabilities assumed by the Prevailing

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).
[2] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Purchase Agreement, Bidding Procedures Order and/or the Bidding Procedures.

Bidder), including Assigned Contracts.  At the Sale Hearing, the Bankruptcy Court may enter such orders as it deems appropriate under applicable law and as required by the circumstances and equities of the Cases.

PLEASE TAKE FURTHER NOTICE THAT any objections to the sale of the Purchased Assets to the Prevailing Bidder or to the Purchase Agreement submitted by the Prevailing Bidder shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware; (c) set forth the name of the objecting party, the nature and amount of any claims or interest held or asserted against the Debtors' estate or their properties, the basis for the objection and the specific grounds therefore; and (d) be filed with the Court and served on the following: (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attention: Linda J. Casey, Esq.; (ii) proposed counsel for the Debtors, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, Attention: Michael Menkowitz, Esq., Joshua T. Klein, Esq., and Jason C. Manfrey, Esq., and L. John Bird, Esq., 919 Market Street, Suite 300, Wilmington, DE 19801; (iii) co-counsel for the DIP Lender, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201, Attention: Patrick J. Neligan, Jr., Esq. and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attention: Mark D.  Collins, Esq. and Jason M. Madron, Esq., (iv) counsel for the Official Committee of Unsecured Creditors, if one is appointed, and (v) counsel for the Prevailing Bidder, so as to be received no later than **5:00 p.m. (Eastern Time) on _____, 2016** (the "Sale Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** any entity that fails to file and serve an objection before the Sale Objection Deadline shall be prohibited from asserting at the Sale Hearing or at any time thereafter any objection to the Motion for approval of the Sale of the Purchased Assets or the consummation and performance of the Sale as contemplated by the terms of the Purchase Agreement submitted by a Prevailing Bidder, including the transfer of the Purchased Assets free and clear of all Liabilities (other than Liabilities assumed by the Prevailing Bidder).

PLEASE TAKE FURTHER NOTICE THAT if a copy of the Motion to approve the Sale of the Purchased Assets is not enclosed, you may obtain a copy by contacting counsel for the Debtors at the address set forth above.

PLEASE TAKE FURTHER NOTICE THAT this Notice is subject to the full terms and conditions of the Bidding Procedures and the Bidding Procedures Order, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER NOTICE OR HEARING.**

**FOX ROTHSCHILD LLP**

By: */s/ L. John Bird*
     L. John Bird
     Delaware Bar No. 5310
     919 North Market Street, Suite 300
     Wilmington, DE 19801-2323
     Phone (302) 654-7444/Fax (302) 656-8920
     lbird@foxrothschild.com
          -and-
     Michael G. Menkowitz
     Joshua T. Klein

Jason C. Manfrey
2000 Market Street, 20th  Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jklein@foxrothschild.com
jmanfrey@foxrothschild.com

Dated: _____, 2016                 Proposed counsel for AF-Southeast, LLC, *et al.*, the
                                        Debtors and Debtors-in-Possession

**<u>EXHIBIT D</u>**

**NOTICE OF ASSUMPTION & ASSIGNMENT**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AF-SOUTHEAST, LLC, *et al.*, [1] | : | Case No. 16-11008 (KG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Date:** _____ |
| | : | **Hearing Date:** _____ |
| | : | |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TO:    ALL NON-DEBTOR PARTIES TO CONTRACTS AND/OR LEASES WITH DEBTORS AF-SOUTHEAST, LLC, *et al.*

PLEASE TAKE NOTICE THAT on _____, 2016 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving certain bidding and auction procedures (the "Bidding Procedures") for the sale by AF-Southeast, LLC, *et al.* (collectively, the "Debtors"), the Debtors and debtors-in-possession in the above captioned cases ("Cases"), of substantially all assets (the "Purchased Assets") of the Debtors and the procedure for the fixing of cure amounts (the "Cure Amounts") related to the Debtors' assumption, sale and assignment of certain executory contracts and unexpired leases (the "Assigned Contracts") as set forth herein.

PLEASE TAKE FURTHER NOTICE THAT the Debtors will assume, sell and assign the Assigned Contracts to the Prevailing Bidder under the terms of the Asset Purchase Agreement, as submitted by the Prevailing Bidder after the Auction (as amended, together with the exhibits

---

[1]  The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).

and schedules thereto, the "Purchase Agreement"),[2] as determined under the Bidding Procedures Order. In addition, under the Purchase Agreement, Qualified Bidders, and ultimately, the Prevailing Bidder may designate any contract listed on Schedule A1 (which is attached hereto) (the "Pending Contracts") to be included as an Assigned Contract at any time through and after the Auction in accordance with the Bidding Procedures and the Purchase Agreement.[3] Accordingly, any Qualified Bidder, and ultimately the Prevailing Bidder, may elect to assume or not assume any of the Pending Contracts at any time through and after the Auction, if one is held, in accordance with the Bidding Procedures and the Purchase Agreement, in which case the contents of the Assigned Contracts list contained herein and Pending Contract list in Schedule A1 will change. A supplemental and revised notice in the same form as this Notice will be filed with the Bankruptcy Court and served on all Contract parties and shall identify any such changes. Any Pending Contract that becomes an Assigned Contract will be assumed, sold and assigned to the Prevailing Bidder under the terms and conditions of the Purchase Agreement submitted by the Prevailing Bidder.

PLEASE TAKE FURTHER NOTICE THAT the Debtors believe that any and all defaults (other than the commencement of these Cases) and actual pecuniary losses in respect of particular Assigned Contracts will be cured by the payment of the respective Cure Amount set forth in the following chart and, in respect of any Pending Contract that is designated as an Assigned Contract, by payment of the respective Cure Amount set forth on Schedule A1.

## CHART OF CURE AMOUNTS FOR ASSIGNED CONTRACTS

---

[2] Any capitalized terms in this notice shall have the meaning ascribed to them in the Purchase Agreement, Bidding Procedures and/or the Bidding Procedures Order, unless otherwise noted herein.

[3] The Purchase Agreement provides that the Prevailing Bidder may elect to assume or not assume any of the Assumed Contracts and/or any of the Pending Contracts at any point up until Closing, but only by mutual agreement with the Debtors. Any changes to the contents of the Assumed Contracts list contained herein and Pending Contract list in Schedule A1, even after the Sale Hearing, will require the Debtors to file and serve a supplemental and

| Contract Counter-Party | Contract Description | Cure Amount |
|---|---|---|
| *None at this time* | *None at this time* | |
| | | |

PLEASE TAKE FURTHER NOTICE THAT the following procedures shall apply with respect to the Assigned Contracts:

1.      Except as otherwise provided herein, all objections to the assumption, sale and assignment of any Assigned Contract, including on grounds of lack of adequate assurance of future performance by the Prevailing Bidder, or to the Cure Amount set forth above in respect of any such Contract must be in writing and state with specificity the nature of such objection and the cure amount being claimed by the objecting party with appropriate documentation in support thereof (an "Assumption and/or Cure Objection"). A counter-party to an Assigned Contract that the Prevailing Bidder has designated for assumption and assignment which later receives notice that a rival Qualified Bidder has also designated such Contract for assumption and assignment may also object to that rival Qualified Bidder's assumption of the Assigned Contract, in accordance with paragraph 2. below.

2.      If an objection is timely filed, served and challenges a Cure Amount set forth above in this Notice or on Schedule A1 (for any Pending Contract that is subsequently designated as an Assigned Contract), such objection must set forth the amount of cure being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a timely filed and served objection to a Cure Amount, the Prevailing Bidder shall include in the Post-Closing Cure Reserve Amount an amount equal to the Claimed Cure Amount, which amount may be released and paid to such counterparty by the Debtors after the Cure Amount is fixed by the Bankruptcy Court or agreed upon by the Debtors and the objecting party as the Claimed Cure Amount. So long as the Claimed Cure Amount shall have been set aside in the Escrow Account, the Debtors shall be authorized, without further delay, to assume, sell and assign the Assigned Contract that is the subject of such Claimed Cure Amount objection to the Prevailing Bidder. Due to the timing and nature of the Sale process set forth in the Bidding Procedures and the Bidding Procedures Order, non-Debtor counter-parties to Assigned Contracts may raise objections to adequate assurance of future performance under the Assigned Contracts at the Sale Hearing.

3.      An Assumption and/or Cure Objection must be filed with the Bankruptcy Court and served so as to be actually received by the parties below no later than the

revised notice in the same form as this Notice on all affected contract parties, which such notice shall identify any changes.

deadlines established in paragraph 1 above.   An Assumption and/or Cure Objection must be served on the following "Objection Notice Parties": (i) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attention: Linda J. Casey, Esq.; (ii) proposed counsel for the Debtors, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, Attention: Michael Menkowitz, Esq., Joshua T. Klein, Esq., and Jason C. Manfrey, Esq., and L. John Bird, Esq., 919 Market Street, Suite 300, Wilmington, DE 19801; (iii) co-counsel for the DIP Lender, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201, Attention: Patrick J. Neligan, Jr., Esq. and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attention: Mark D. Collins, Esq. and Jason M. Madron, Esq., (iv) counsel for the Official Committee of Unsecured Creditors, if one is appointed, and (v) counsel for the Prevailing Bidder.  An Assumption and/or Cure Objection may be heard by the Bankruptcy Court at the hearing on _____, 2016 at _____.m. (Eastern Time), (the "Sale Hearing") or such other date and time as the Debtors may schedule with the Bankruptcy Court.

4.    If no objection to the Cure Amount or the proposed assumption, sale and assignment in respect of an Assigned Contract is timely filed and served:  (i) the Debtors may assume, sell and assign to the Prevailing Bidder such Assigned Contracts (ii) the Cure Amount set forth in the Notice of Assumption and Assignment shall be binding upon the respective non-Debtor party to the Assigned Contract for all purposes in these Cases, and (iii) the respective non-Debtor party shall be forever barred from objecting to the assumption, sale and assignment of the relevant Assigned Contract and/or Cure Amount, and from asserting against the Debtors or the Prevailing Bidder any right of setoff, condition to assignment and/or any additional cure or other amount with respect to such Assigned Contract.

5.    The effective date of any assumption, sale and assignment of any Assigned Contract shall be the Closing (as defined in the Purchase Agreement). Accordingly, any Cure Amounts to be paid under any Assigned Contract shall be paid in accordance with the Purchase Agreement of the Prevailing Bidder upon or as soon as reasonably practicable after the Closing Date or as soon thereafter as the Cure Amount is fixed by the Bankruptcy Court or agreed upon by the Debtors, the Prevailing Bidder and the objecting party.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER NOTICE OR HEARING.**

**FOX ROTHSCHILD LLP**

By: */s/ L. John Bird*
       L. John Bird
       Delaware Bar No. 5310
       919 North Market Street, Suite 300
       Wilmington, DE  19801-2323
       Phone (302) 654-7444/Fax (302) 656-8920
       lbird@foxrothschild.com
          -and-
       Michael G. Menkowitz
       Joshua T. Klein
       Jason C. Manfrey
       2000 Market Street, 20th Floor
       Philadelphia, PA  19103-3222
       Phone (215) 299-2000/Fax (215) 299-2150
       mmenkowitz@foxrothschild.com
       jklein@foxrothschild.com
       jmanfrey@foxrothschild.com

Dated: May __, 2016       Proposed counsel for AF-Southeast, LLC, *et al.*, the Debtors and Debtors-in-Possession