IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| AF-SOUTHEAST, LLC, *et al.* [1] : | Case No. 16-11008 (KG) |
| : | (Jointly Administered) |
| : | Related D.I. 48 |
| Debtors. : | Hearing Date: May 13, 2016 @ 10:00 a.m. |
| : | Objection Date: May 9, 2016 @ 4:00 p.m. |

**ORDER UNDER 11 U.S.C. §§ 105 AND 363 AND RULES 2002,
6004 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (I) APPROVING BIDDING PROCEDURES;
(II) SCHEDULING BID DEADLINE, AUCTION DATE AND SALE
HEARING AND APPROVING NOTICE THEREOF; AND (III) APPROVING
PROCEDURES RELATED TO ASSUMPTION AND
ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES AND APPROVING NOTICE THEREOF**

Upon the motion (the "Motion"), dated April 27, 2016, of AF-Southeast, LLC, *et al.* (the "Debtors"), the Debtors and debtors-in-possession in the above captioned cases ("Cases"), under sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 6004 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of: (i) this initial order (the "Bidding Procedures Order"), (a) approving the bidding procedures (the "Bidding Procedures"), substantially similar to the procedures attached to this Bidding Procedures Order as Exhibit A, (b) approving the form of notice of the Bidding Procedures, Auction,[2] Sale Hearing and Sale, (c) approval of procedures for the assumption by the Debtors and assignment to the Prevailing Bidder of Assigned Contracts, including notice of

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).
[2] Any terms not defined herein shall have the meanings ascribed to them in the Purchase Agreement, Bidding Procedures and/or the Motion.

ACTIVE 40004153v5 05/11/2016

proposed cure amounts; (d) and granting other related relief; and (ii) the entry of a second order (the "Sale Order"), (a) authorizing the Debtors to enter into the proposed Asset Purchase Agreement (the "Purchase Agreement") and approving the sale to the bidder submitting the highest or otherwise best offer at the Auction (the "Prevailing Bidder") for the Purchased Assets set forth in the Purchase Agreement (the "Sale"), (b) the assumption, sale and assignment to the Prevailing Bidder of the Assigned Contracts and (c) granting other relief related thereto; the Court having reviewed the Motion and scheduled a hearing (the "Procedures Hearing") on the Motion, and the Court having found that (i) the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) notice of the Motion and Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors' estates and their creditors; and good and sufficient cause having been shown;

AND FURTHER FOUND AND DETERMINED THAT:

A. This Court has jurisdiction over the Cases and the Motion as a core proceeding and over the parties and property affected hereby under 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

B. Under the circumstances, the notice given by the Debtors of the Motion and the Procedures Hearing constitutes appropriate notice and complies with section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

C.     The Bidding Procedures in the form attached hereto as <u>Exhibit A</u> are fair, reasonable, and appropriate and are designed to maximize the recovery from the Sale of the Purchased Assets.

D.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

E.     The Debtors, in conjunction with their professionals and advisors, and in consultation with the DIP Lender, have conducted a robust marketing process since the filing of the Cases with respect to the Purchased Assets.

F.     The form and scope of the proposed Purchase Agreement, attached hereto as <u>Exhibit B</u>, is reasonable under the circumstances and the proposed Purchase Agreement is reasonably calculated to provide a uniform agreement with which Potential Bidders can submit Qualified Bids and will economize the Bidding Procedures process for the Debtors' estates.

G.     The form and scope of the Notice of Bid Deadline, Auction, and Sale Hearing (as defined below) is reasonably calculated to provide all interested parties with timely and appropriate notice of the Sale, Sale Hearing, Auction, and Bidding Procedures and complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable case law.

H.     The form and scope of the Notice of Assumption and Assignment (as defined below) is reasonably calculated to provide each non-Debtor counterparty to the Contracts with timely and appropriate notice of the potential assumption and assignment of its Contract and complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Rules and applicable case law.

I.      To the extent any of these findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.      The Motion (as it pertains to approval of the matters set forth herein) is granted. Any objections to this Bidding Procedures Order that have not been previously resolved or withdrawn are overruled on the merits. This Bidding Procedures Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.      The Debtors shall cause to be served, within five (5) business days after issuance of this Bidding Procedures Order, by first-class mail, postage prepaid, or by electronic mail (i) notice of the Bid Deadline, Auction and Sale Hearing substantially in the form annexed hereto as Exhibit C (the "Notice of Bid Deadline, Auction, and Sale Hearing"), (ii) this Bidding Procedures Order, including the Bidding Procedures attached hereto as Exhibit A, and (iii) the Motion (the Notice of Bid Deadline, Auction, and Sale Hearing, this Bidding Procedures Order and the Bidding Procedures, the Motion, collectively, the "Sale Package"), upon: (a) all potential buyers previously identified or solicited by the Debtors and/or PMCM and any additional parties who have previously expressed an interest in potentially acquiring the Purchased Assets, (b) all other potentially interested parties identified by the Debtors or their professionals; (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), (d) each non-Debtor counter-party to the Debtors' executory contracts and unexpired leases (collectively, the "Contracts"), (e) all parties in interest who have requested notice in the Cases under Bankruptcy Rule 2002, (f) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Purchased Assets, including but not limited to the DIP Lender and

counsel for the DIP Lender, and the Junior Lien Holders (service upon which shall be made to (i) the agent for the Junior Lien Holders as identified in the Intercreditor Agreement, (ii) each of the Junior Lien Holders, and (iii) counsel to the each of the foregoing (i)-(ii) parties , if known), (g) counsel for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), if one is appointed, (h) the Internal Revenue Service, (i) the Attorney General for the State of Florida, Attorney General for the State of Georgia and the Attorney General for the State of Delaware, (j) the United States Attorney's office, (k) all applicable federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested in the Motion and (l) the Securities and Exchange Commission. Due to the size and complexity of the Cases, the Debtors' known creditors (other than if included in (a) – (l)) will receive only the Notice of Bid Deadline, Auction and Sale Hearing. The U.S. Trustee will receive the Notice of Bid Deadline, Auction & Sale Hearing only and service of such on the U.S. Trustee shall be by e-mail only. Such notice shall be sufficient and appropriate notice of the Sale with respect to known interested parties.

3. In addition, the Debtors shall publish the Notice of Bid Deadline, Auction, and Sale Hearing in *The Wall Street Journal* (National Edition) within five (5) business days after issuance of this Bidding Procedures Order.

### BIDDING PROCEDURES AND AUCTION

4. The Bidding Procedures, annexed hereto as Exhibit A, are incorporated herein by reference and are approved and shall govern the qualification of bidders, the submission, content and qualification of all Qualified Bids and bidding procedures relating to the Auction of the Purchased Assets. The Bidding Procedures are necessary and reasonable under the

circumstances of these Cases, are intended and are likely to preserve and enhance the value of the Debtors' estates and are approved in their entirety.

5. The proposed Purchase Agreement, annexed hereto as <u>Exhibit B</u>, is incorporated herein by reference and is approved as the form of agreement to be used by bidders in conjunction with the Bidding Procedures.

6. Subject to the terms and conditions set forth in the Bidding Procedures, the Debtors are hereby authorized and directed to (a) solicit any person to become a Potential Bidder, (b) permit Potential Bidders to conduct a due diligence investigation in connection with the Sale, (c) in consultation with the DIP Lender and the Creditors' Committee (if one is appointed in the Cases), determine whether a bid timely submitted by a Potential Bidder is a Qualified Bid, (d) if one or more Qualified Bids is submitted, conduct an Auction, (e) at the conclusion of such Auction, in consultation with the DIP Lender and the Creditors' Committee (if one is appointed in the Cases), designate the highest or otherwise best offer as the Prevailing Bidder and the next highest or otherwise best offer and the Back-Up Bidder, and (f) in consultation with the DIP Lender and the Creditors' Committee (if one is appointed in the Cases), seek Bankruptcy Court approval at the Sale Hearing of the Prevailing Bid submitted by the Prevailing Bidder and the Back-Up Bid submitted by the Back-Up Bidder.

### SALE HEARING AND OBJECTIONS TO THE SALE

7. The Court shall hold the Sale Hearing on July **14**, 2016 at **2:00 PM.** (Eastern Time), or such other date and time as may be convenient to the Court, or as may be announced at the Sale Hearing without further notice.

8. To be considered by the Court, any objections to the Sale of the Purchased Assets to the Prevailing Bidder under the Purchase Agreement shall (a) be in writing, (b) conform to the

Bankruptcy Rules and the Local Rules, (c) set forth the name of the objecting party, the nature and amount of any claims or interest held or asserted against the Debtors' estates or their properties, the basis for the objection and the specific grounds therefor and (d) be filed with the Court and served on the following (collectively, the "Objection Notice Parties"): (i) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attention: Linda J. Casey, Esq., (linda.casey@usdoj.gov); (ii) proposed counsel for the Debtors, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, Attention: Michael Menkowitz, Esq. (mmenkowitz@foxrothschild.com), Joshua T. Klein, Esq. (jklein@foxrothschild.com), Jason C. Manfrey, Esq. (jmanfrey@foxrothschild.com), and L. John Bird, Esq., 919 Market Street, Suite 300, Wilmington, DE 19801 (lbird@foxrothschild.com); (iii) co-counsel for the DIP Lender, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201, Attention: Patrick J. Neligan, Jr., Esq. (pneligan@neliganlaw.com) and John D. Gaither, Esq. (jgaither@neliganlaw.com). and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attention: Mark D. Collins, Esq. (Collins@rlf.com) and Jason M. Madron, Esq. (madron@rlf.com), (iv) counsel for the Official Committee of Unsecured Creditors, if one is appointed, and (v) counsel for the Prevailing Bidder, so as to be received no later than ~~_____ .M. (Eastern time) on _____, 2016~~ the Hearing on July 14, 2016, at 2:00 p.m. (the "Sale Objection Deadline"). Service of objections to the Sale of the Purchased Assets may be served upon the Objection Notice Parties by e-mail.

9.  If the Debtors receive more than one Qualified Bid from Qualified Bidders the Debtors shall conduct an Auction commencing at **10:00 A.M. (Eastern Time) on July 12, 2016** at the offices of Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, or such other time or place as the Debtors, at least two (2) business days before the

Auction, notifies all Qualified Bidders who have submitted Qualified Bids, as well as all parties listed in paragraph 2. of this Bidding Procedures Order, by over-night mail. The Debtors shall conduct an open Auction in accordance with the Bidding Procedures on the record, recorded by a court reporter in accordance with Local Rule 6004-1. Each Qualified Bidder participating at the Auction shall confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

## ASSUMPTION AND ASSIGNMENT OF CONTRACTS

10.  The Debtors shall send notice within five (5) business days of the date of the entry of this Bidding Procedures Order substantially in the form annexed hereto as <u>Exhibit D</u> (the "<u>Notice of Assumption and Assignment</u>") to all non-Debtor counter-parties to the Contracts. The Notice of Assumption and Assignment shall set forth (i) that such Contract may be assumed by the Debtor and assigned to the Prevailing Bidder under the Bidding Procedures and (ii) the Cure Amount (as defined in the Notice of Assumption and Assignment) associated with the assumption and assignment of such Contract. Upon receipt of any Qualified Bid submitted by a Qualified Bidder, the Debtor shall promptly determine whether a Notice of Assumption and Assignment needs to be given to any additional non-Debtor parties to Contracts, which are listed on any schedule to such Prevailing Bidder's version of the Purchase Agreement to be assumed and assigned to such Qualified Bidder (the "<u>Assigned Contracts</u>"), and shall mail, or otherwise serve by overnight courier service or other prompt method of service, including e-mail if such service is requested as set forth in the following sentence, within three (3) business days of receipt of such Qualified Bid, such additional Notices of Assumption and Assignment as may be required. Any counter-party to a Contract that wishes to receive additional Notices of Assumption and Assignment by e-mail must submit a written request via e-mail to counsel for

the Debtors, Michael Menkowitz, Esq. (mmenkowitz@foxrothschild.com), Joshua T. Klein, Esq. (jklein@foxrothschild.com), Jason C. Manfrey, Esq. (jmanfrey@foxrothschild.com), and L. John Bird, Esq. (lbird@foxrothschild.com). A counter-party to a Contract which later receives a notice that a Qualified Bidder has designated that Contract for assumption and assignment may object as set forth in paragraphs 11 and 15, below.

11. All objections to the assumption, sale and assignment of any Assigned Contract or to any Cure Amount (each, an "Assumption and/or Cure Objection") and/or objections to adequate assurance of future performance under the Assigned Contracts, should be filed with the Court and served upon the Objection Notice Parties. Due to the timing of the Sale process set forth in the Bidding Procedures and this Bidding Procedures Order, non-Debtor parties to Assigned Contracts may raise Assumption and/or Cure Objections, and objections to adequate assurance of future performance under the Assigned Contracts, at the Sale Hearing. All Assumption and/or Cure Objections, and/or objections to adequate assurance of future performance under the Assigned Contracts, must state with specificity the nature of such objection and may be heard by the Court at the Sale Hearing or such other date and time as the Debtors may schedule with the Court.

12. If an objection is timely filed and served in accordance with paragraph 11 above challenges a Cure Amount, such objection must set forth the amount of cure being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a timely filed and served objection to a Cure Amount, the Prevailing Bidder shall include in the Post-Closing Cure Reserve Amount an amount equal to the Claimed Cure Amount, which amount may be released and paid to such counterparty by the Debtors after the Cure Amount is fixed by the Court or agreed upon by the Debtors and the objecting party as

the Claimed Cure Amount. So long as the Claimed Cure Amount shall have been set aside in the Escrow Account, the Debtors shall be authorized, without further delay, to assume, sell and assign the Assigned Contract that is the subject of such Claimed Cure Amount objection to the Prevailing Bidder.

13. If no objection to the Cure Amount or the proposed assumption, sale and assignment in respect of an Assigned Contract is timely filed and served: (i) the Debtors may assume, sell and assign to the Prevailing Bidder such Assigned Contracts (ii) the Cure Amount set forth in the Notice of Assumption and Assignment shall be binding upon the respective non-Debtor party to the Assigned Contract for all purposes in these Cases, and (iii) the respective non-Debtor party shall be forever barred from objecting to the assumption, sale and assignment of the relevant Assigned Contract and/or Cure Amount, and from asserting against the Debtors or the Prevailing Bidder any right of setoff, condition to assignment and/or any additional cure or other amount with respect to such Assigned Contract, but as to (ii) and (iii) only to the extent that such Assigned Contract is assumed, sold and assigned as part of the Sale.

15. The effective date of any assumption, sale and assignment of any Assigned Contract shall be the Closing (as defined in the Purchase Agreement). Accordingly, any Cure Amounts to be paid under any Assigned Contract shall be paid in accordance with the Purchase Agreement of the Prevailing Bidder upon or as soon as reasonably practicable after the Closing Date or as soon thereafter as the Cure Amount is fixed by the Court or agreed upon by the Debtors, the Prevailing Bidder and the objecting party.

**ADDITIONAL PROVISIONS**

16. The proposed Purchase Agreement and any exhibits and schedules thereto (collectively, the "Transaction Documents") may be amended, modified or supplemented, or the provisions thereof waived, in accordance with the terms of the proposed Purchase Agreement and/or as required to implement the Bidding Procedures and Sale process without further order of this Court or notice thereof to any party, other than Potential Bidders or Qualified Bidders.

17. The failure to include or reference in this Bidding Procedures Order any particular provisions of the Bidding Procedures shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Bidding Procedures be authorized and approved in their entirety.

18. This Court shall retain exclusive jurisdiction to interpret, construe, enforce and implement the terms of this Bidding Procedures Order and grant any remedy, at law or equity, as the circumstances require.

19. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Bidding Procedures Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon signature hereof.

20. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Bidding Procedures Order.

Dated: May 13, 2016
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge