# Exhibit "D"

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AF-SOUTHEAST, LLC, *et al.*,[1] | Case No. 16-11008 (KG) |
| Debtors. | Jointly Administered |
| | **Objection Date:** _____ |
| | **Hearing Date:** _____ |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

TO: ALL NON-DEBTOR PARTIES TO CONTRACTS AND/OR LEASES WITH DEBTORS AF-SOUTHEAST, LLC, *et al.*

PLEASE TAKE NOTICE THAT on _____, 2016 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order") approving certain bidding and auction procedures (the "Bidding Procedures") for the sale by AF-Southeast, LLC, *et al.* (collectively, the "Debtors"), the Debtors and debtors-in-possession in the above captioned cases ("Cases"), of substantially all assets (the "Purchased Assets") of the Debtors and the procedure for the fixing of cure amounts (the "Cure Amounts") related to the Debtors' assumption, sale and assignment of certain executory contracts and unexpired leases (the "Assigned Contracts") as set forth herein.

PLEASE TAKE FURTHER NOTICE THAT the Debtors will assume, sell and assign the Assigned Contracts to the Prevailing Bidder under the terms of the Asset Purchase Agreement, as submitted by the Prevailing Bidder after the Auction (as amended, together with the exhibits

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).

ACTIVE 40013874v4 05/11/2016

and schedules thereto, the "<u>Purchase Agreement</u>"),[2] as determined under the Bidding Procedures Order. In addition, under the Purchase Agreement, Qualified Bidders, and ultimately, the Prevailing Bidder may designate any contract listed on <u>Schedule A1</u> (which is attached hereto) (the "<u>Pending Contracts</u>") to be included as an Assigned Contract at any time through and after the Auction in accordance with the Bidding Procedures and the Purchase Agreement.[3] Accordingly, any Qualified Bidder, and ultimately the Prevailing Bidder, may elect to assume or not assume any of the Pending Contracts at any time through and after the Auction, if one is held, in accordance with the Bidding Procedures and the Purchase Agreement, in which case the contents of the Assigned Contracts list contained herein and Pending Contract list in <u>Schedule A1</u> will change. A supplemental and revised notice in the same form as this Notice will be filed with the Bankruptcy Court and served on all Contract parties and shall identify any such changes. If a supplemental and revised notice is filed and served, as set forth in the preceding sentence, at any time after the General Bid Deadline, then the Debtors shall also provide service by e-mail for those Contract Parties that submit a written request to counsel for the Debtors to be served by e-mail, as set forth below. Any Pending Contract that becomes an Assigned Contract will be assumed, sold and assigned to the Prevailing Bidder under the terms and conditions of the Purchase Agreement submitted by the Prevailing Bidder. <u>For the avoidance of doubt, only Contracts that are designated by the Debtors as Assigned Contracts will be assumed, sold and assigned as part of the Sale.</u>

---

[2] Any capitalized terms in this notice shall have the meaning ascribed to them in the Purchase Agreement, Bidding Procedures and/or the Bidding Procedures Order, unless otherwise noted herein.

[3] The Purchase Agreement provides that the Prevailing Bidder may elect to assume or not assume any of the Assumed Contracts and/or any of the Pending Contracts at any point up until Closing, but only by mutual agreement with the Debtors. Any changes to the contents of the Assumed Contracts list contained herein and Pending Contract list in <u>Schedule A1</u>, even after the Sale Hearing, will require the Debtors to file and serve a supplemental and revised notice in the same form as this Notice on all affected contract parties, which such notice shall identify any changes.

Any counter-party to a Contract that wishes to receive additional notices hereunder by e-mail must submit a written request via e-mail to counsel for the Debtors, Michael Menkowitz, Esq. (mmenkowitz@foxrothschild.com), Joshua T. Klein, Esq. (jklein@foxrothschild.com), Jason C. Manfrey, Esq. (jmanfrey@foxrothschild.com), and L. John Bird, Esq. (lbird@foxrothschild.com);

PLEASE TAKE FURTHER NOTICE THAT the Debtors believe that any and all defaults (other than the commencement of these Cases) and actual pecuniary losses in respect of particular Assigned Contracts will be cured by the payment of the respective Cure Amount set forth in the following chart and, in respect of any Pending Contract that is designated as an Assigned Contract, by payment of the respective Cure Amount set forth for each Pending Contract on Schedule A1.

**CHART OF CURE AMOUNTS FOR ASSIGNED CONTRACTS**

| Contract Counter-Party | Contract Description | Cure Amount |
|---|---|---|
| *None at this time* | *None at this time* | |

PLEASE TAKE FURTHER NOTICE THAT the following procedures shall apply with respect to the Assigned Contracts:

1. Except as otherwise provided herein, all objections to the assumption, sale and assignment of any Assigned Contract, including on grounds of lack of adequate assurance of future performance by the Prevailing Bidder, or to the Cure Amount set forth above in respect of any such Contract must be in writing and state with specificity the nature of such objection and the cure amount being claimed by the objecting party with appropriate documentation in support thereof (an "Assumption and/or Cure Objection"). A counter-party to an Assigned Contract that the Prevailing Bidder has designated for assumption and assignment which later receives notice that a rival Qualified Bidder has also designated such Contract for assumption and assignment may also object to that rival Qualified Bidder's assumption of the Assigned Contract, in accordance with paragraph 2. below.

2.  If an objection is timely filed, served and challenges a Cure Amount set forth above in this Notice or on Schedule A1 (for any Pending Contract that is subsequently designated as an Assigned Contract), such objection must set forth the amount of cure being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof. Upon receipt of a timely filed and served objection to a Cure Amount, the Prevailing Bidder shall include in the Post-Closing Cure Reserve Amount an amount equal to the Claimed Cure Amount, which amount may be released and paid to such counterparty by the Debtors after the Cure Amount is fixed by the Bankruptcy Court or agreed upon by the Debtors and the objecting party as the Claimed Cure Amount. So long as the Claimed Cure Amount shall have been set aside in the Escrow Account, the Debtors shall be authorized, without further delay, to assume, sell and assign the Assigned Contract that is the subject of such Claimed Cure Amount objection to the Prevailing Bidder. <u>Due to the timing and nature of the Sale process set forth in the Bidding Procedures and the Bidding Procedures Order, non-Debtor counter-parties to Assigned Contracts may file and raise Assumption and/or Cure Objections, and/or objections to adequate assurance of future performance under the Assigned Contracts, at the Sale Hearing.</u>

3.  An Assumption and/or Cure Objection, and/or objections to adequate assurance of future performance under the Assigned Contracts, must be filed with the Bankruptcy Court and served so as to be actually received by the parties below no later than the deadlines established in paragraph 2 above. An Assumption and/or Cure Objection, and/or objections to adequate assurance of future performance under the Assigned Contracts, must be served on the following "Objection Notice Parties": (i) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attention: Linda J. Casey, Esq., (linda.casey@usdoj.gov); (ii) proposed counsel for the Debtors, Fox Rothschild LLP, 2000 Market Street, 20th Floor, Philadelphia, Pennsylvania 19103, Attention: Michael Menkowitz, Esq. (mmenkowitz@foxrothschild.com), Joshua T. Klein, Esq. (jklein@foxrothschild.com), Jason C. Manfrey, Esq. (jmanfrey@foxrothschild.com), and L. John Bird, Esq., 919 Market Street, Suite 300, Wilmington, DE 19801 (lbird@foxrothschild.com); (iii) co-counsel for the DIP Lender, Neligan Foley LLP, 325 N. St. Paul, Suite 3600, Dallas, TX 75201, Attention: Patrick J. Neligan, Jr., Esq (pneligan@neliganlaw.com) and John D. Gaither, Esq. (jgaither@neliganlaw.com); and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attention: Mark D. Collins, Esq. (Collins@rlf.com) and Jason M. Madron, Esq. (madron@rlf.com), (iv) counsel for the Official Committee of Unsecured Creditors, if one is appointed, and (v) counsel for the Prevailing Bidder. An Assumption and/or Cure Objection may be heard by the Bankruptcy Court at the hearing on _____, **2016 at \_\_\_\_.m. (Eastern Time)**, (the "Sale Hearing") or such other date and time as the Debtors may schedule with the Bankruptcy Court. Service of Assumption and/or Cure Objections, and/or objections to adequate assurance of future performance under the Assigned Contracts, may be served upon the Objection Notice Parties by e-mail.

4. If no objection to the Cure Amount or the proposed assumption, sale and assignment in respect of an Assigned Contract is timely filed and served: (i) the Debtors may assume, sell and assign to the Prevailing Bidder such Assigned Contracts (ii) the Cure Amount set forth in the Notice of Assumption and Assignment shall be binding upon the respective non-Debtor party to the Assigned Contract for all purposes in these Cases, and (iii) the respective non-Debtor party shall be forever barred from objecting to the assumption, sale and assignment of the relevant Assigned Contract and/or Cure Amount, and from asserting against the Debtors or the Prevailing Bidder any right of setoff, condition to assignment and/or any additional cure or other amount with respect to such Assigned Contract, but as to (ii) and (iii) only to the extent that such Assigned Contract is assumed, sold and assigned as part of the Sale.

5. The effective date of any assumption, sale and assignment of any Assigned Contract shall be the Closing (as defined in the Purchase Agreement). Accordingly, any Cure Amounts to be paid under any Assigned Contract shall be paid in accordance with the Purchase Agreement of the Prevailing Bidder upon or as soon as reasonably practicable after the Closing Date or as soon thereafter as the Cure Amount is fixed by the Bankruptcy Court or agreed upon by the Debtors, the Prevailing Bidder and the objecting party.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER NOTICE OR HEARING.**

**FOX ROTHSCHILD LLP**

By: /s/ L. John Bird
L. John Bird
Delaware Bar No. 5310
919 North Market Street, Suite 300
Wilmington, DE 19801-2323
Phone (302) 654-7444/Fax (302) 656-8920
lbird@foxrothschild.com
    -and-
Michael G. Menkowitz
Joshua T. Klein
Jason C. Manfrey
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150

mmenkowitz@foxrothschild.com
jklein@foxrothschild.com
jmanfrey@foxrothschild.com

Dated: May __, 2016

Proposed counsel for AF-Southeast, LLC, *et al.*, the Debtors and Debtors-in-Possession