IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| AF-SOUTHEAST, LLC, *et al.*,[1] | : Case No. 16-11008 (KG) |
| | : (Jointly Administered) |
| Debtors. | : Hearing Date: July 14, 2016 at 2:00 p.m. |
| | : Obj. Deadline: July 7, 2016 at 4:00 p.m. |

**DEBTORS' MOTION FOR APPROVAL OF MODIFICATION TO THE
DEBTOR-IN-POSSESSION FINANCING**

AF-Southeast, LLC, *et al.* (the "Debtors"), Debtors and debtors-in-possession in the above captioned cases, by and through their attorneys, Fox Rothschild LLP, respectfully request the entry of an order pursuant to 11 U.S.C. §§ 105 and 364 approving a modification to the debtor-in-possession financing (the "DIP Facility") previously approved by the Bankruptcy Court by entry of the Final DIP Order (as defined below), dated May 13, 2016 (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1.      The Debtors own and operate a telecommunications network (fiber optic lines and colocation facilities) that spans from Atlanta, Georgia, to Miami, Florida. The purpose of these chapter 11 cases is to sell the Debtors' assets – a fully contiguous telecommunications network - as a going concern to the highest and best bidder.

2.      The Sale Hearing (as defined below) is scheduled to be heard before the Court on July 14, 2016. If the Court enters an order approving the sale of the Debtors' assets on the day of the Sale Hearing, the Sale Order would not become a final and non-appealable order until July 28, 2016.

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are: (i) AF-Southeast, LLC (8002); (ii) Allied Fiber – Florida, LLC (8111); and (iii) Allied Fiber – Georgia, LLC (2935).

3.       However, the Final DIP Order, and the Debtors' Approved Budget attached to the Final DIP Order, only authorizes the Debtors' use of the DIP Facility through July 11, 2016. Additionally, the Approved Budget only budgeted amounts for the Debtors' operating expenses through July 11, 2016.

4.       As such, if Closing (as defined below) on the Sale of the Debtors' assets to the prevailing bidder does not occur until the date that the Sale Order becomes a final and non-appealable order (July 28, 2016) or shortly thereafter, the current DIP Facility would not be sufficient to fund operating expenses through Closing on the Sale of the Debtors' assets.

5.       Therefore, in order to maintain the going concern value of the Debtors' assets and to ensure that Closing on the Sale of the Debtors' assets to the prevailing bidder will occur, Strome Mezzanine Fund IV, LP, as lender under the DIP Credit Agreement (in such capacity, the "DIP Lender") has agreed to modify the current DIP Facility to allow the DIP Lender to provide additional borrowing availability under the DIP Facility, subject to the terms and conditions set forth in this Motion and the modified budget attached hereto as **Exhibit "A"** (the "Modified Budget").  Such additional borrowing availability, if made, would help to ensure that the Debtors are able to maintain the going concern value of the Debtors' assets through the Closing on the Sale of the Debtors' assets.  By this Motion, the Debtors seek approval of the consensual modifications to the DIP Facility as set forth below.

## JURISDICTION

6.       The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7.       Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief sought herein are Sections 105(a) and 364 of title 11 of the United States Code (the "Bankruptcy Code").

## FACTUAL BACKGROUND

9. On April 20, 2016 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors continue to operate and manage their businesses as debtors-in-possession in accordance with Section 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.

10. The factual background relating to the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Scott L. Drake in Support of First-Day Motions* (the "Drake Declaration"), which is fully incorporated by reference herein.

11. The Debtors are engaged in the business of designing, constructing and operating an open access, physical layer, network-neutral colocation and dark fiber network. The Debtors' dark fiber network provides long-haul, multi-access points, and short-haul dark fiber network systems, coupled with its owned colocation facilities to provide control of the underlying physical assets to all network operators who subscribe to the Debtors' services. The network is designed to link critical access points (international subsea cables) in the United States while also providing intermediate access points along the route for inclusion of local networks into the Debtors' network. The combination of long-haul service with the capability to distribute traffic locally are intended to yield high customer demand and volume.

12. The Debtors commenced these chapter 11 cases for the sole purpose of marketing the Debtors' assets, while preparing for a going-concern sale that will maximize value to all of the Debtors' stakeholders.

13. On the Petition Date, the Debtors filed a *Motion of the Debtors for Interim and Final Orders (A) Authorizing the Debtors to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Claims Pursuant to 11 U.S.C. §§ 105(a), 364(c), and 364(d); (B) Authorizing the Debtors to Use Cash Collateral; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "DIP Motion") [D.I. 7].

14. The DIP Motion was granted on an interim basis by order dated, April 25, 2016 (the "Interim DIP Order") [D.I. 39]. As set forth more fully in the DIP Motion, the Debtors required debtor-in-possession postpetition financing (the "DIP Financing") to allow the Debtors to maintain operations and preserve the going concern value of the Debtors' assets, while pursuing a sale of substantially all of the Debtors' assets. Consistent with the Interim DIP Order and Final DIP Order (as defined below), the Debtors entered into one or more amendments of their prepetition Loan Agreement (as defined in the DIP Motion), resulting in the Senior Secured Priority Debtor In Possession Amended and Restated Loan Agreement, dated as of April 20, 2016, by and among the DIP Lender and the Debtors (the "DIP Credit Agreement").

15. On April 27, 2016, the Debtors filed a *Motion of Debtors for (I) an Order (A) Approving Budding Procedures* (the "Bidding Procedures"); *(B) Scheduling Bid Deadline, Auction Date, and Sale Hearing and Providing Notice Thereof; and (C) Approving Procedures to Fix Cure Amounts Related To Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and Approving Notice Thereof; and (II) an Order Approving* (the "Sale Order") *(A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Liabilities and (B) the Assumption, Sale and Assignment to Buyer of Certain*

*Contracts of Debtors* (the "Bidding Procedures and Sale Motion") [D.I. 48], therein requesting, among other forms of relief, entry of the Sale Order authorizing the Debtors to enter into the proposed Asset Purchase Agreement (the "Purchase Agreement") and approving the sale to the bidder submitting the otherwise best offer at the Auction (the "Prevailing Bidder") for the Debtors' assets set forth in the Purchase Agreement (the "Sale").

16. On May 13, 2016, this Court entered an Order Approving the Bidding Procedures and Sale Motion (the Bidding Procedures Order") [D.I. 100]. Pursuant to the Bidding Procedures Order, the Debtors scheduled (i) an auction of the Debtors' assets to occur on July 12, 2016 (the "Auction"); (ii) a sale hearing (the "Sale Hearing") on July 14, 2016; and (iii) closing to occur on or before July 18, 2016 ("Closing"). If the Court enters the Sale Order on the day of the Sale Hearing, the Sale Order would not become a final and non-appealable order until July 28, 2016.

17. On May 13, 2016, the Bankruptcy Court held a final hearing on the DIP Motion and entered a *Final Order (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing the Use of Cash Collateral, (III) Granting Liens, Including Priming Liens, and Superpriority Claims, (IV) Granting Adequate Protection, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "Final DIP Order") [D.I. 99], therein authorizing the Debtors to obtain DIP Financing from DIP Lender. In general, the Final DIP Order authorized the Debtors to obtain senior secured priming and superpriority debtor-in-possession postpetition financing in the aggregate principal amount of $5,916,120.00 (the "DIP Facility"). The Final DIP Order, and the Debtors' Approved Budget attached to the Final DIP Order, authorized the Debtors' use of the DIP Facility through July 11, 2016. Additionally, the Approved Budget only budgeted amounts for the Debtors' operating expenses through July 11, 2016.

18. If Closing on the Sale of the Debtors' Assets to the Prevailing Bidder does not occur until the date that the Sale Order becomes a final and non-appealable order (July 28, 2016) or shortly thereafter, the DIP Facility and the amounts included in the Approved Budget would not be sufficient to fund the Debtors' operating expenses through Closing on the Sale of the Debtors' assets.

19. In order to fund the Debtors' operating expenses through the date the Sale Order becomes a final and non-appealable order and Closing on the Sale of the Debtors' assets occurs, the Debtors require an increase in the DIP Facility (the "<u>Supplemental DIP Financing</u>"). The DIP Lender has agreed to modify the DIP Facility to provide the Supplemental DIP Financing, beyond the original aggregate principal amount of the DIP Facility ($5,916,120.00), thereby increasing the total aggregate principal amount of the DIP Facility, as permitted by the Modified Budget, on the terms set forth in this Motion. The Debtors shall be permitted to use proceeds of the modified DIP Facility to, among other things, make payments, as permitted by the Modified Budget, attached hereto as **Exhibit "A"**.

## REQUESTED RELIEF

20. By this Motion, the Debtors request approval of the following modifications to the DIP Facility:

   a. The DIP Lender will provide to the Debtors Supplemental DIP Financing;

   b. The Supplemental DIP Financing provided by the DIP Lender shall constitute proceeds of the Loan (as such term is defined in the DIP Credit Agreement) and DIP Obligations (as such term is defined in the Final DIP Order), and shall be secured by the DIP Liens (as such term is defined in the DIP Credit Agreement and Final DIP Order) on the DIP Collateral (as such term is defined in the Final DIP Order), and otherwise be entitled to all of the protections provided to the DIP Obligations in the Final DIP Order, the DIP Credit Agreement and any other DIP Loan Documents (as such term is defined in the Final DIP Order), with the same effect as if such Supplemental DIP Financing were authorized in the Final DIP Order;

  c. The Debtors and DIP Lender shall be authorized to amend the DIP Credit Agreement and execute such other and additional documents as may be necessary to effectuate the modification requested in the Motion without further order of the Court.

21. As set forth above, the Debtors will require the Supplemental DIP Financing to fund operating expenses through Closing on the Sale if the Prevailing Bidder demands that Closing must occur only after the Sale Order becomes a final and non-appealable order on July 28, 2016, or shortly thereafter.  Without sufficient funding to pay operating expenses through Closing on the Sale of the Debtors' assets, the Debtors' value will be lost and Closing on the Sale is unlikely to occur.

22. The proposed modification to the DIP Facility is in the best interests of the Debtors' stakeholders since it will maximize the going concern value of the Debtors' assets and facilitate Closing on the Sale.  Considering that the amount of the Supplemental DIP Financing will be relatively small, and the DIP Lender is severely undersecured, modifying the DIP Facility to authorize the DIP Lender to provide funding in the amount of the Supplemental DIP Financing will have no affect on the Debtors' estates.

23. Accordingly, the Debtors believe that the relief requested in this Motion is in the best interests of the Debtors, their estates, and all parties in interest and should be approved.

## NOTICE

24. Notice of this Motion has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtors' prepetition and postpetition lenders (if known); (iii) the Debtors' prepetition and postpetition lenders; (iv) any party requesting notice pursuant to Bankruptcy Rule 2002; and (v) all creditors.  The Debtors submit that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors respectfully request the entry of an order, pursuant to 11 U.S.C. §§ 105 and 364: (i) granting the Motion; and (ii) granting such other relief as is just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/  L. John Bird*
    L. John Bird (No. 5310)
    919 North Market Street, Suite 300
    Wilmington, DE  19801-2323
    Phone (302) 654-7444/Fax (302) 656-8920
    lbird@foxrothschild.com
        -and-
    Michael G. Menkowitz
    Paul J. Labov
    Jason C. Manfrey
    2000 Market Street, 20th Floor
    Philadelphia, PA  19103-3222
    Phone (215) 299-2000/Fax (215) 299-2150
    mmenkowitz@foxrothschild.com
    plabov@foxrothschild.com
    jmanfrey@foxrothschild.com

Dated: June 23, 2016

*Counsel for AF-Southeast, LLC, et al., the Debtors and Debtors-in-Possession*